IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CHARLES GLEN FRANKS § <br> § <br> Plaintiff, § <br> § <br> RIG WORKS, INC. § <br> § <br> Plaintiff, § <br> v. § <br> § <br> DOUBLE H BANDS, LTD. § <br> § <br> Defendant. § <br> § | Civil Action No. **7:17-CV-00254** |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs, Charles Glen Franks and Plaintiff Rig Works, Inc. ("Rig Works") (collectively "Plaintiffs") file this Original Complaint against Double H Bands, Ltd. ("Double H" or the "Defendant") and would show the Court the following:

### PARTIES

1. Charles Glen Franks is a Texas resident living in Canyon, Texas. Canyon is in the Northern District of Texas.

2. Rig Works is a corporation organized under the laws of the State of Texas and having its principal place of business at 2310 Steven Rd., Odessa, Texas 79762. Odessa is in the Western District of Texas.

3. On information and belief, Defendant, Double H Bands, is a limited partnership organized under the laws of the State of Texas, and may be served with process by service upon its registered agent, Steve Huse, at 6502 N. County Rd. West, Odessa, Texas 79764. Defendant does business throughout Texas.

## JURISDICTION AND VENUE

4. The patent infringement claim arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

5. The false designation of origin claim arises under the commerce and trade laws of the United States, Title 15 of the United States Code. The Court's jurisdiction over this action is proper under the above statues, including 15 U.S.C. § 1121 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, personal jurisdiction exists generally over the Defendant as it is a Texas partnership and therefore a resident of Texas. Personal jurisdiction also exists specifically over the Defendant because of its conduct in selling, offering to sell, and/or importing infringing products of a patented apparatus, machine, manufacture, and/or combination within the State of Texas, within the Western District of Texas, and within the Midland-Odessa Division.

7. On information and belief, the products at issue are offered for sale through direct sales representatives located in the Western District of Texas and within the Midland-Odessa Division.

8. On information and belief, the products at issue are used with drawworks located in the Western District of Texas, Midland-Odessa Division. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## FACTS

9. Rig-Works repeats and re-alleges the allegations in paragraphs 1-8 as though fully set forth herein.

10. Charles Glen Franks is the owner of all rights, title, and interest in and under Unites States Patent No. 7,210,670 ("Drawworks Apparatus") (hereinafter, the "'670 Patent" or the "Asserted

Patent"), which duly and legally issued on May 1, 2007. A true and correct copy of the '670 Patent is attached hereto as **Exhibit A**.

11. Rig-Works is the exclusive licensee of the '670 Patent under the terms of the exclusive agreement regarding manufacture, sale, and distribution (the "License Agreement") entered into with Charles Glen Franks, the sole inventor and owner of the '670 Patent, on September 1, 2005. A true and correct copy of the License Agreement is attached hereto as **Exhibit B**.

12. The '670 Patent is valid and enforceable.

13. On information and belief, all requisite maintenance fees have been paid, and Charles Glen Franks has complied with the requirements of 35 U.S.C. § 287.

14. Rig-Works has actively manufactured and sold its Mustang drawworks, and related components, under the '670 Patent since 2005.

15. On information and belief, Defendant Double H Bands has been, and is, infringing the '670 Patent by selling or offering to sell within the United States, and/or importing into the United States components of a patented product that fall within the scope of one or more claims of the '670 Patent, including selling or offering for sale within the United States, and/or importing into the United States of one or more brake bands designed specifically for use in the patented drawworks.

16. Double H Bands is in the business of manufacturing various components related to oil and gas drilling, selling said components, and offering technical assistance regarding application and installation of said components.

17. On information and belief, Double H Bands sells components of, and/or accessories for use with drawworks systems, the use of which has no substantial non-infringing use (Non-Staple Items") relative to the '670 Patent.

18. On information and belief, these Non-Staple items are designed and manufactured to the unique specifications required by the '670 Patent.

19. On information and belief, therefore, Double H Bands either has known of the '670 Patent, or has been "willfully blind" to its existence.

20. On information and belief, Double H Bands has actively promoted sales to, and use by, third parties of Non-Staple Items for use in Rig-Works' Mustang drawworks.

21. On information and belief, Non-Staple Items provided to third parties constitute material portions of the patented combinations that are within the scope of the '670 Patent.

22. On information and belief, third parties combine Non-Staple Items provided, directly or indirectly, by Double H Bands, with other component(s) to assemble apparatus falling within the scope of one or more of the claims of the '670 Patent.

23. Third parties, in using at least Double H Bands' Non-Staple Items to reconstruct Rig-Works' Mustang drawworks, have directly infringed one or more claims of the '670 Patent.

24. On information and belief, Double H Bands had knowledge of (or "willful blindness" to) such third party combination of Non-Staple Items with other component(s) to assemble apparatus falling within the scope of one or more of the claims of the '670 Patent.

25. On information and belief, Defendant has been, and is, taking goods originally manufactured by Rig-Works, affixing Defendant's mark on said goods, and selling said marked goods to third parties.

26. On information and belief, third parties who purchase Rig-Works' goods that have been marked by Defendant falsely believe Defendant to be the originator of said goods or that Defendant is otherwise selling said goods with the approval of Rig-Works.

### COUNT I – INDUCING INFRINGEMENT OF THE '670 PATENT UNDER 35 U.S.C. § 271(b)

27. Rig-Works repeats and incorporates the preceding paragraphs 1-26.

28. By actively inducing third parties to use products falling within the scope of one or more claims of the '670 Patent, with knowledge of (or "willful blindness" to) the patents, and knowledge that (or "willful blindness" to the fact that) the actions of third parties directly infringe such claims, Double H Bands has induced infringement on one or more of the '670 Patent, pursuant to 35 U.S.C. § 271(b).

29. As a direct and proximate result of Double H Bands' acts of patent infringement, Rig-Works has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

30. Rig-Works has suffered from the infringement of Double H Bands, and has lost and will continue to lose profits and/or royalties as a result of Double H Bands' infringement.

31. Rig-Works has no adequate remedy at law against these acts of patent infringement. Unless Double H Bands is permanently enjoined from its unlawful and willful infringement of the '670 Patent, Rig-Works will suffer irreparable harm.

### COUNT II – CONTRIBUTORY INFRINGEMENT OF THE '670 PATENT UNDER 35 U.S.C. § 271(c)

32. Rig-Works repeats and incorporates the preceding paragraphs 1-26.

33. By producing and providing to third parties Non-Staple Items, with subsequent assembly and use of apparatus that infringe one or more claims of the '670 Patent, with knowledge of (or "willful blindness" to) the Asserted Patents, and of the actions, as infringement, of third parties who directly infringe such claims, Double H Bands has contributorily infringed on one or more of the '670 Patent claims, pursuant to 35 U.S.C. § 271(c).

34. As a direct and proximate result of Double H Bands' acts of patent infringement, Rig-Works has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

35. Rig-Works has suffered from the infringement of Double H Bands, and has lost and will continue to lose profits and/or royalties as a result of Double H Bands' infringement.

36. Rig-Works has no adequate remedy at law against these acts of patent infringement. Unless Double H Bands is permanently enjoined from its unlawful and willful infringement of the '670 Patent, Rig-Works will suffer irreparable harm.

### COUNT III – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)

37. Rig-Works repeats and incorporates the preceding paragraphs 1-26.

38. By taking goods produced by, and designated by serial number as products of, Rig-Works and affixing a Double H Bands mark to said goods, Defendant has falsely designated the origin of said goods in violation of 15 U.S.C. § 1125(a)(1)(A).

39. Double H Bands has disrupted interstate commerce through its false designation of origin by hindering Rig-Works' ability to conduct interstate commerce.

40. Double H Bands use of its mark on goods produced by Rig-Works is likely to confuse any third party consumers who purchase said goods as to the origin of said goods.

41. As a direct and proximate result of Double H Bands' false designation of origin, Rig-Works has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

42. Rig-Works has suffered from the false designation of origin by Double H Bands, and has lost and will continue to lose profits as a result of Double H Bands' false designation of origin.

43.     Rig-Works has no adequate remedy at law against this false designation of origin. Unless Double H Bands is permanently enjoined from its unlawful false designation of origin of Rig-Works' goods, Rig-Works will suffer irreparable harm.

## PRAYER FOR RELIEF

Plaintiff Rig-Works respectfully requests that judgment be entered in its favor and against Defendant Double H Bands, and that the Court grant the following relief to Rig-Works:

A. Declare that the '670 Patent is valid and enforceable;

B. Grant judgment in Rig-Works' favor that Double H Bands has induced infringement of the '670 Patent;

C. Grant judgment in Rig-Works' favor that Double H Bands has contributorily infringed the '670 Patent;

D. Declare that Double H Bands' infringement was willful;

E. Grant judgment in Rig-Works' favor that Double H Bands has falsely designated the origin of Rig-Works' goods;

F. Award damages to Rig-Works to which it is entitled for patent infringement;

G. Award damages to Rig-Works for which it is entitled for its lost profits, or as a reasonable royalty as provided by law;

H. Award damages to Rig-Works to which it is entitled for false designation of origin;

I. Enter a preliminary and thereafter and permanent injunction against Double H Bands' continued infringement of the '670 Patent;

J. Award Rig-Works increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Double H Bands' willful infringement pursuant to 35 U.S.C. § 284.

K.  Award interest on Rig-Works' damages; and

L.  Award such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38 and 39, Plaintiff Rig-Works asserts its right under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues triable to a jury.

> By: /s/ *David G. Henry*
> **GRAY REED & MCGRAW LLP**
> David G. Henry, Sr.
> Attorney-in-charge
> State Bar No. 09479355
> Fed. Bar No. 9544
> dhenry@grayreed.com
> 1300 Post Oak Blvd., Suite 2000
> Houston, Texas 77056
> Telephone: (713) 986-7000
> Facsimile:  (713) 986-7100

**ATTORNEY FOR PLAINITFF**
**RIG-WORKS, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2017, a true and correct copy of the foregoing instrument was served on all known counsel of record through the Court's ECF system pursuant to Federal Rule of Civil Procedure 5(b)(3) and Local Rule CV-5.

                                      */s/  David G. Henry*
                                       David G. Henry, Sr.